UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIANA ITIOWE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 13-04155 (JAP) |
| NBCUNIVERSAL INC., COMCAST INC., & GE, | : **OPINION** |
| Defendants. | : |

This is an action brought by *pro se* Plaintiff Christiana Itiowe ("Plaintiff") against Defendants NBCUniversal, Inc. ("NBC"), Comcast, Inc. ("Comcast"), and General Electric ("GE") (together, "Defendants"). Plaintiff alleges that Defendants discriminated against her by rejecting her television show idea and thereafter refusing to continue to accept Plaintiff's television show idea submissions after learning she suffered from paranoid schizophrenia. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(ii), to determine whether the action should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons discussed below, the Court finds that this action should be dismissed for failure to state a claim.

**I.     Background**

Plaintiff brings this employment discrimination action against Defendants, pursuant to the Americans with Disability Act (ADA).[1]  Plaintiff filed her Complaint on July 8, 2013 [dkt. entry

---

[1] In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Here, the Court construes Plaintiff's Complaint liberally, as it is required to do. Accordingly, while Plaintiff vaguely alleges that she

no. 1] and by Order dated July 24, 2013, the Court granted Plaintiff's application to proceed without prepayment of fees and dismissed the Complaint without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure ("FRCP") and for failure to state a claim upon which relief could be granted [dkt. entry no. 2].   The Court granted Plaintiff thirty days to amend the complaint and stated that if Plaintiff filed an amended complaint that complied with the FRCP during that time, the Court would reopen the file.   On August 14, 2013, Plaintiff filed an Amended Complaint (the "Amended Complaint") in which she purports to set forth the necessary factual allegations necessary to state her claim of disability discrimination [dkt. entry no. 3].   The following factual allegations are taken from the Amended Complaint, and are accepted as true for purposes of this Court's review only.

Plaintiff alleges that she had started "pitching TV show ideas" to Bravo TV (hereinafter "Bravo") after filling out a "form agreement" to have television show ideas reviewed by Bravo staff members.  *See* Am. Compl. at 5.   Plaintiff alleges that she engaged in email correspondence with Ms. Elizabeth Logun from Bravo's legal department in Los Angeles.   She states that Ms. Logun "approved the reviewing of it (her television show idea) can happen as per Ms. Chelsea Friedland authorization."   *Id*.   Ms. Friedman, a Bravo development manager, thereafter allegedly reviewed Plaintiff's television idea and rejected it.   *Id*.   Plaintiff alleges that she presented certain other projects, such as a greeting card line, to Bravo when she pitched her television show.   *Id*. at 2-3.   Plaintiff alleges that Ms. Friedland has "advised that she will no longer accept a TV idea pitch" from Plaintiff.   *Id*. at 2.   Plaintiff further states that she "cannot for the life of me understand why [Ms. Friedland] will advise that I should not pitch a TV show idea anymore whereas prior to that happening she authorized that I can work with the legal dept [*sic*] to pitch TV

---

suffers from "Disability Discrimination/Discrimination," the Court assumes that Plaintiff is bringing this cause of action under the Americans with Disability Act and will review the Amended Complaint accordingly.

show ideas." *Id*. at 5.   Plaintiff contends that "prior to me revealing my health stance and prior to that happening, they were working with me."   *Id*. at 2.   Plaintiff claims that she "hear[s] voices and see[s] things constantly on the daily," as she suffers from "paranoid schizophrenia."   *Id*. at 2, 6.   Plaintiff also states that she is also "experiencing undue mental health stress."   *Id*. at 3.   Plaintiff asserts Defendants "violated my disability stance thereby violating my civil rights while working with me initially and due to my disability stance did not allow me to pitch TV shows anymore."   *Id*. at 2.

**II.     Discussion**

   A. Legal Standard

Where, as here, a litigant is proceeding *in forma pauperis*, the Court is required to review the complaint and to *sua sponte* dismiss any claim that is "frivolous or malicious" or "fails to state a claim on which relief can be granted."   28 U.S.C. § 1915(e)(2).   A complaint is frivolous if it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   The standard for evaluating whether a complaint is "frivolous" is an objective one.   *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In evaluating whether to dismiss a complaint for failure to state a claim, courts must first separate the factual and legal elements of the claims, and accept all of the Plaintiff's well-pleaded facts as true.   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).   All reasonable inferences must be made in the Plaintiff's favor.   *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).   The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions."   *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d. Cir. 1997).   When assessing the sufficiency of a civil complaint, a court therefore must take care to distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."   *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).   To survive dismissal for failure to state a claim, the allegations of the complaint must "plausibly suggest" that the pleader is entitled to relief.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.   *See Erickson*, 551 U.S. at 94; *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).   A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   Here, the Court construes Plaintiff's Amended Complaint liberally, as it is required to do, but nonetheless finds that dismissal of the complaint is warranted.

B.  Plaintiff's Amended Complaint

Title I of the ADA provides, as a general rule, that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employments."   42 U.S.C. § 2000e-2(a)(1).   Before bringing suit under the ADA, a plaintiff must first file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").   *Williams v. East Orange Cmty. Charter Sch.*, 396 F. App'x 895, 897 (3d Cir. 2010); *Cottrell v. Rowan Univ.*, 786 F. Supp. 2d 851, 861-62 (D.N.J. 2011).   *See* also 42 U.S.C. § 2000e-5(e)(1).   Here, Plaintiff's claim fails as a matter of law because she is not an employee of Defendants, and therefore is not protected by the ADA.   Furthermore, even if she was considered an employee of Defendants, Plaintiff's complaint is barred for failure to exhaust the necessary administrative remedies.   Additionally, even if Plaintiff's claim was not barred, her claim of disability discrimination under the ADA fails as a matter of law because it fails to state a claim.

1.  *Plaintiff is Not an Employee of Defendants*

The ADA is meant to offer protection to a disabled "employee." Specifically, the ADA mandates that an employment may not discriminate against a disabled individual with regard to "the hiring, advancement, or discharge of <u>employees</u>." 42 U.S.C. § 12112(a) (emphasis added). As defined in the Act, an employee is "an individual employed by an <u>employer</u>." *Id*. at § 2000e(f) (emphasis added). Therefore, a plaintiff is only able to bring a cognizable claim under the ADA if they are or are applying to be an employee; the Act does not allow an independent contractor to bring a claim. *See, e.g.*, *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) ("While the ADA protects 'employees,' the Act does not protect independent contractors."); *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998) (explaining that Title I of the ADA applies only to employees).

Here, Plaintiff has failed to allege any facts that indicate an employer-employee relationship existed between herself and Defendants. Rather, the Amended Complaint only asserts that Plaintiff wanted to pitch a certain television show to Bravo. Ms. Logan then allegedly told Plaintiff that Plaintiff could have Ms. Friedland review the television show idea. Ms. Friedland then reviewed this idea, and rejected it. Thereafter, Ms. Friedland allegedly told Plaintiff not to pitch another television show to her. *Id*. at 5. Even the most liberal reading of these allegations fails to establish that Plaintiff was an employee of Bravo or that Bravo was her employer. Courts have made clear that an employee or potential employee only can bring suit under the ADA. *See, e.g.*, *Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938, 939 (9th Cir. 2009) (stating that Title I of the ADA applies only to employer-employee relationships); *Wojewski*, 450 F.3d at 342; *Swanson v. Univ. of Cincinnati*, 268 F.3d 307, 319 (6th Cir. 2001); *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976 (10th Cir. 2002); *Menkowitz*, 154 F.3d at 122. To interpret Plaintiff's allegations as creating, or even implying, an employer-employee relationship between

herself and Bravo would negate the very purpose of the ADA. Accordingly, because the ADA only applies to relationships between employers and employees, Plaintiff's claim for disability discrimination fails as a matter of law and must be dismissed.

### 2. *Plaintiff's Claim is Procedurally Barred by a Failure to Exhaust Administrative Remedies*

Before filing a complaint alleging a violation of the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). Exhaustion of remedies is required in order to "afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). Accordingly, any claims that are brought during the resulting suit are limited to the claims that were brought within the initial administrative charge. A failure to comply with the EEOC administrative process bars any employment discrimination claim under the ADA. *See Cottrell*, 786 F. Supp. 2d at 862.

Here, even if Plaintiff was considered to be an employee of Defendant, she has failed to exhaust her administrative remedies. In both her Complaint and her Amended Complaint, Plaintiff alleges that Defendants discriminated against her based upon her disability. Plaintiff, however, has not shown that she has complied with the required EEOC administrative process by filing a Charge of Discrimination with the EEOC before bringing suit here. Plaintiff cannot bring suit without first exhausting the existing avenues for redress at the administrative level; therefore, her claim is barred.

### 3. *Plaintiff's Substantive Claim of Disability Discrimination is Deficient*

Even if Plaintiff's claim under the ADA was not barred for failure to exhaust the necessary administrative remedies, the alleged facts underlying her claim of disability discrimination would nonetheless fail to state a claim upon which relief could be granted. In order to allege a claim for

disability discrimination under the ADA, a plaintiff must show: "1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

Here, even assuming that Plaintiff could somehow be considered an employee of Defendants, Plaintiff fails to allege a *prima facie* case of discrimination against Defendants. Significantly, Plaintiff has failed to allege any causal nexus between Plaintiff's disability and the alleged discriminatory actions. *See Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004) (stating that proof of an adverse employment action "as a result of discrimination" against the disabled individual is necessary to establish a *prima facie* case). Plaintiff alleges that she is a paranoid schizophrenic, that her television show idea was rejected by Bravo and that she was not allowed to continue submitting ideas, and that her disability was the reason that she was not allowed to continue to submit her television ideas. Plaintiff's final allegation—that her disability was the reason that she was not allowed to continue to pitch television ideas—is a legal conclusion that cannot be considered by this Court during a Rule 12(b)(6) analysis. *See Morse*, 132 F.3d at 906. There are no factual allegations in her Amended Complaint to support an inference that Defendants would not allow Plaintiff to pitch television show ideas or rejected her television idea due to her disability; in fact, Plaintiff herself admits she can only speculate to why Defendants would not allow her to submit more television pitches. *See* Am. Compl. at 5 ("The problem really happened when I cannot for the life of me understand why she will advise that I should not pitch a TV show idea anymore. . . ."). An individual who is disabled and experiences an alleged adverse employment action does not receive an inference that this action was due to discrimination merely by way of being disabled. *See Allen v. Interior*

*Const. Servs., Ltd.*, 214 F.3d 978, 982 (8th Cir. 2000) (explaining that an inference of discrimination, necessary to create a prima facie cause of discrimination, arises only when there is "evidence of a causal connection between a plaintiff's disability and the adverse employment action taken against the plaintiff").   In the absence of such factual averments to support her discrimination claim, Plaintiff has failed to raise a plausible right to relief.

The remainder of Plaintiff's Amended Complaint appears to be frivolous, but, in any event, the Amended Complaint lacks enough factual matter to state a claim under the Rule 8 pleading standard.   *See Iqbal*, 556 U.S. at 678*;* Fed. R. Civ. P. 8.   Consequently, the Court shall dismiss the Amended Complaint.

### III.   Conclusion

For the reasons above, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and must be dismissed.   Because the Court has already granted Plaintiff leave to amend and finds that there are no facts Plaintiff could prove in support of her claim, the Court will dismiss the Amended Complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2).   An appropriate Order accompanies this Opinion.


/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.